UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ACIE ROBINSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1530** |
| **CAROLYN W. COLVIN, ACTING COMMISSIONER SOCIAL SECURITY ADMINISTRATION** | **SECTION: "G"(1)** |

### ORDER AND REASONS

Before the Court is Plaintiff Acie Robinson's ("Plaintiff") "Application for Attorney Fees Under the Equal Access to Justice Act."[1] Plaintiff asserts that he is entitled to attorney's fees as a prevailing party under the Equal Access to Justice Act ("EAJA").[2] Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the date set for hearing on the motion. No opposition to the pending motion, which was set for hearing on December 23, 2015, was submitted, timely or otherwise. Accordingly, this motion is deemed unopposed. District courts may grant an unopposed motion as long as the motion has merit.[3]

On July 2, 2014, Plaintiff filed a complaint against Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration (the "Commissioner"), alleging that the Commissioner had improperly denied his claim for disability insurance benefits ("DBI") under Title II of the Social Security Act (the "Act").[4] The Magistrate Judge issued a Report and Recommendation to this Court on April 14, 2015, recommending that the Administrative Law

---

[1] Rec. Doc. 17.

[2] Rec. Doc. 17-1 at 1.

[3] *Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[4] Rec. Doc. 1.

Judge's ("ALJ") decision be affirmed.[5] After Plaintiff filed timely objections to the Report and Recommendation, the Court reviewed Plaintiff's objections *de novo* and, on September 28, 2015, declined to adopt the recommendation and remanded this matter to the ALJ pursuant to 42 U.S.C. § 405(g) for further consideration of the record.[6] Plaintiff filed his "Application for Attorney Fees Under the Equal Access to Justice Act" on November 23, 2015.[7] Plaintiff requests a total of $7,829.50 in attorney's fees, representing 45.1 hours of work at a rate of $175.00 per hour.[8]

Under the EAJA, the Court shall award to a prevailing party fees and other expenses incurred by that party in any civil action, including proceedings for judicial review of agency action, brought by or against the United States, "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[9] Here, Plaintiff is a prevailing party entitled to attorney's fees under the EAJA.

Under the EAJA, "attorneys' fees shall not be award in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited ability of qualified attorneys for the proceedings involved, justifies a higher fee."[10] The district court has discretion to increase this hourly rate beyond the statutory cap in order to arrive at a reasonable rate

---

[5] Rec. Doc. 13.

[6] Rec. Doc. 15.

[7] Rec. Doc. 17.

[8] *Id.* at 1.

[9] 28 U.S.C. § 2412(d)(1)(A).

[10] 28 U.S.C. § 2412(d)(2)(A)(ii).

for attorneys' fees in a particular market.[11] This Court has previously awarded attorneys' fees at a rate of $175.00 per hour in Social Security appeals.[12] Accordingly, the Court finds that the $175.00 hourly rate requested by Plaintiff is appropriate. Further, the Court has reviewed the itemized verification submitted by Plaintiff, and finds that Plaintiff is entitled to payment of attorney's fees for 45.1 hours of work.

In *Astrue v. Ratliff*, the Supreme Court held that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States."[13] Following this binding precedent, the Court will award attorneys' fees payable to Plaintiff Acie Robinson.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act"[14] is **GRANTED** and that Plaintiff Acie Robinson is awarded attorneys' fees in the amount of $7,892.50, representing 45.1 hours of time at a rate of $175.00 per hour.

**NEW ORLEANS, LOUISIANA,** this 28th day of December, 2015.

                                            **NANNETTE JOLIVETTE BROWN**
                                            **UNITED STATES DISTRICT JUDGE**

---

[11] *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (per curiam) ("The Equal Access to Justice Act vests district court with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors. . . . These factors are market based.").

[12] *See Washington v. Colvin*, Civ. Action No. 14-123 (Dec. 11, 2015) (Brown, J.); *Butler v. Colvin*, Civ. Action No. 13-2459 (Jun. 29, 2015) (Brown, J.).

[13] 560 U.S. 586, 589 (2010).

[14] Rec. Doc. 17.